Filed 7/9/21  P. v. Maldonado CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B305685 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A593783) |
| v. | |
| RUBEN DINO MALDONADO, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Dorothy L. Shubin, Judge.  Affirmed.

Valerie G. Wass, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Amanda V. Lopez and Stephanie A. Miyoshi, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Ruben Dino Maldonado appeals from the denial of his petition for resentencing pursuant to Penal Code section 1170.95. We affirm.

Defendant was charged with five felonies arising from a series of crimes committed with three codefendants against multiple victims on the night of October 27, 1988: one count of murder (Pen. Code, § 187, subd. (a)), one count of assault (§ 245, subd. (a)(1)), two counts of robbery (§ 211), and one count of attempted robbery (§ 211, § 664). A robbery-murder special circumstance allegation was also alleged (§ 190.2, subd. (a)(17)).

In December 1989, defendant pled guilty to one count of second degree murder and one count of robbery. The remaining counts and special allegation were dismissed as part of the plea agreement. Defendant was sentenced to 15 years to life in prison for the murder with a three-year concurrent term for the robbery and credited with 776 days of presentence custody credits.

In 2018, Senate Bill 1437 (2017–2018 Reg. Sess.) was passed. Penal Code section 1170.95 was enacted as part of the legislative changes effected by Senate Bill 1437 and became effective January 1, 2019. (Stats. 2018, ch. 1015, § 4.)

In early 2019, defendant filed in propria persona a form petition for resentencing pursuant to Penal Code section 1170.95. The court appointed counsel for defendant. Defendant subsequently substituted in privately retained counsel. The court issued an order to show cause. The prosecution filed an opposition, defendant filed a reply, and the parties filed supplemental briefing.

An evidentiary hearing pursuant to Penal Code section 1170.95, subdivision (d)(3) was held March 9, 2020. Defendant was present, represented by counsel, and the

proceedings were reported.  The court stated it had read the parties' briefs and reviewed the case file, including the plea transcript and the preliminary hearing transcript.  The prosecution offered the transcript of defendant's May 2018 parole board hearing, and it was admitted into evidence (the court having overruled defendant's objection to the transcript at a prior hearing).  Defendant offered the testimony of Derrick Limbaga, one of defendant's accomplices who also happened to be his cousin.  His testimony was admitted over the prosecution's objection.  No other evidence was offered at the hearing.  Neither party contends here that any evidence was improperly admitted or excluded at the hearing.

After entertaining argument, the court denied defendant's petition, explaining "that the prosecution has established beyond a reasonable doubt that [defendant] is guilty of murder under the theories of implied malice as well as major participant who acted with reckless disregard for human life."  The court stated it considered "the totality of the evidence" including "the preliminary hearing transcript, the parole hearing transcript of [defendant]" and the testimony presented at the hearing.  The court underscored that defendant's own statements established he was the "ringleader" who was "showing others how to live a life of violence," he "initiated the attack" on the victim, and he engaged in "a pattern of extreme violence" that evening.

Defendant appealed.  He contends the trial court erred in denying his petition because the evidence fails to show beyond a reasonable doubt that he could be found guilty of murder under any theory that remains viable under the law as amended by Senate Bill 1437.  Defendant says he was not the actual killer and the evidence at best supports murder under the now

3

invalidated natural and probable consequences doctrine. We do not agree.

Initially, we note the trial court, in accordance with Penal Code section 1170.95, subdivision (d)(3), sat as an independent factfinder and held the prosecution to the beyond a reasonable doubt standard of proof. While our Supreme Court is currently considering the issue (see, e.g., *People v. Lopez* (2020) 56 Cal.App.5th 936, 949, review granted Feb. 10, 2021, S265974), we agree with *Lopez* that is the correct standard to be applied at a post-OSC evidentiary hearing pursuant to section 1170.95, subdivision (d)(3).

We review the trial court's order for substantial evidence. (*People v. Clements* (2021) 60 Cal.App.5th 597, 618, review granted Apr. 28, 2021, S267624 [appellate court reviews trial court's factual findings on a Pen. Code, § 1170.95 petition for substantial evidence]; see also 9 Witkin, Cal. Proc. 5th Appeal § 365 (2020) ["Where the evidence is in conflict, the appellate court will not disturb the verdict of the jury or the findings of the trial court."]; *People v. Hernandez* (2008) 45 Cal.4th 295, 299 [factual findings by court reviewed for substantial evidence].)

Recently, our Supreme Court explained that "notwithstanding Senate Bill 1437's elimination of natural and probable consequences liability for second degree murder, an aider and abettor who does not expressly intend to aid a killing can still be convicted of second degree murder if the person knows that his or her conduct endangers the life of another and acts with conscious disregard for life." (*People v. Gentile* (2020) 10 Cal.5th 830, 850.)

Defendant did not challenge below that he was a major participant in the assault on Mr. Ramirez, the murder victim.

4

Indeed, defendant referred to himself as the "ringleader" during the crime spree that resulted in the fatality. He only argued the evidence did not establish that he acted with reckless indifference.

The following nonexclusive list of factors is relevant to the inquiry whether a defendant acted with reckless indifference: "What role did the defendant have in planning the criminal enterprise that led to one or more deaths? What role did the defendant have in supplying or using lethal weapons? What awareness did the defendant have of particular dangers posed by the nature of the crime, weapons used, or past experience or conduct of the other participants? Was the defendant present at the scene of the killing, in a position to facilitate or prevent the actual murder, and did his or her own actions or inaction play a particular role in the death? What did the defendant do after lethal force was used? No one of these considerations is necessary, nor is any one of them necessarily sufficient." (*People v. Banks* (2015) 61 Cal.4th 788, 803.)

The evidence amply supports the conclusion that defendant here acted with reckless indifference. Defendant admitted that he and his accomplices were driving around that evening in October 1988 "looking for victims to hurt," and that he initiated the assault on Mr. Ramirez and beat him until he was unconscious on the ground. He said that while Mr. Ramirez lay helpless on the ground, his accomplice, Mr. Limbaga, retrieved a hammer from the truck and struck Mr. Ramirez "three times" in the back of the head. Defendant did nothing to assist Mr. Ramirez while his accomplice engaged in this behavior, but got back into the truck with his accomplices, divvied up the money stolen from Mr. Ramirez and then continued to drive

around looking for additional victims "to hurt." This testimony was bolstered by the officer's testimony at the preliminary hearing that defendant made consistent statements during two separate police interviews conducted a couple of days after the crimes occurred.

## DISPOSITION

The order denying defendant's resentencing petition is affirmed.


GRIMES, Acting P. J.

WE CONCUR:


STRATTON, J.


WILEY, J.